# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-41025
Summary Calendar

EDGAR S. ARROYO,

Plaintiff-Appellant,

versus

R. RODRIGUEZ; R. BLEDSOE,
Officer; K. GUIDRY,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(G-96-CV-688)

February 26, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Edgar S. Arroyo, a Texas prisoner, challenges the dismissal of his *pro se, in forma pauperis* 42 U.S.C. § 1983 civil rights lawsuit in which he alleges that prison disciplinary proceedings violated his due process rights and unlawfully were

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instigated against him in retaliation for a complaint he filed against a prison guard. Arroyo contends that the district court erred in dismissing, under the teachings of **Heck v. Humphrey**,[1] the entirety of his lawsuit for failure to demonstrate favorable termination of the underlying disciplinary proceedings.

Arroyo's due process claim is not actionable because the conviction has not been reversed on direct appeal, expunged by the executive, invalidated by other state means, or called into question by the issuance of a federal habeas writ.[2] Dismissal of the due process claim therefore was appropriate and is affirmed.

To the extent that the district court dismissed Arroyo's retaliation claim under **Heck**, however, the order appealed constitutes an abuse of discretion. We recently addressed this issue in **Woods v. Smith**.[3] Accordingly, that portion of the district court's order must be and the same is vacated and remanded for further proceedings.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

---

[1] 512 U.S. 477 (1994).

[2] **Heck**, 114 S.Ct. at 2372.

[3] 60 F.3d 1161 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996).